## TULLY v. TULLY.[*]

### No. 8492; February 25, 1886.

9 Pac. 841.

**Tenants in Common—Adverse Possession.**—A claim of an interest in land as a cotenant is of no avail as against the person having possession of the land, who has held the same adversely under a claim of title for a period of twenty years prior to the commencement of the action.

APPEAL from Superior Court, County of Santa Clara.

W. G. Lorigan and S. F. Lieb for appellant; Archer & Lovell for respondent.

FOOTE, C.—Supposing a certain piece of land to belong to the United States government, and wishing to pre-empt it, John Tully bought the possessory right thereto from, and paid the price therefor to, one Murphy. He procured the deed to be made to himself and his brother Owen without Owen's knowledge. John let Owen into possession of the land as his tenant, but not as a claimant to any part thereof. A few years after, upon demand, Owen yielded possession of the land to John, the latter claiming to be the sole owner thereof. After this, John finding that he could not pre-empt the land, either in his own or Owen's name, bought from the

---

*For subsequent opinion in bank, see 71 Cal. 338, 12 Pac. 246.

vendees of Chaboya, the Mexican grantee, and patentee of the United States government, and paid for it the purchase price, and continued the possession adverse to Owen he had obtained under Murphy. After the lapse of about twenty years from this last purchase Owen instituted the present action, to be let into possession by John as his cotenant of half the land, without having ever contributed a cent to purchase it, or asserted any claim thereto until about one year before the commencement of his suit. The defendant set up the plea of the statute of limitations of five years, and the provisions of section 319 of the Code of Civil Procedure, and his superior title under his deed from the Chaboya vendees, in bar of plaintiff's right to recover. It is plain that Owen never had or claimed any interest in the land other than as tenant of John, while in possession thereof. He delivered its possession to John, who was then asserting, adversely to him, a right thereto as absolute owner. John remained in such adverse possession for about twenty years before this action was instituted. Under such state of facts no cotenancy ever existed between the parties. Therefore it was competent for John to introduce in evidence the deed to himself from the Chaboya vendees. Admitting, without deciding, that section 319, Code of Civil Procedure, is not applicable to prevent a recovery in such a case, section 318, Code of Civil Procedure—the statute of limitations of five years— is pleaded in bar, and the court finds in the affirmative upon the issue it presents.

We perceive no prejudicial error in the record, and the judgment and order should be affirmed.

We concur: Belcher, C. C.; Searls, C.

By the COURT.—For the reasons given in the foregoing opinion the judgment and order are affirmed.